**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
Mei Yue Gao,

                        Plaintiffs,              Case No:  1:18-cv-04005-SN

            v.

Graceful Services, Inc., Graceful II Service,
Inc., and Grace Macnow,

                        Defendants,
------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST DEFENDANT GRACEFUL II SERVICE, INC.

Ge Qu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

## TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT .................................................................... 1

II.    FACTUAL BACKGROUND AND PROCEDUAL HISTORY .............. 2

III.     ARGUMENT ............................................................................................. 4

    A.    PLAINTIFF FAILS TO STATE A CLAIM OF SUCCESSOR LIABILITY. ................... 4

       1.    *Plaintiff's Claims against Graceful II Fails the Substantial Continuity Test.* ........................................................................................... 4

       2.    *Graceful II is Not Liable to Plaintiff under the Traditional Common Law Test as an Asset Purchaser.* ........................................................... 10

    B.    PLAINTIFF FAILS TO STATE A CLAIM OF AGE DISCRIMINATION AGAINST GRACEFUL II. ........................................................................................................ 13

       1.    *Graceful II is Not a Covered Employer under ADEA.* ...................... 14

       2.    *Plaintiff's Claim for Age Discrimination Claim Based on Reduction of Workload and Wages is Time-Barred.* ............................................ 15

       3.    *Plaintiff Fails to Show Disparate Treatment by Graceful II.* ............ 17

       4.    *This Court Need Not Exercise Supplemental Jurisdiction over Plaintiff's NYSHRL and NYCHRL claims.* ........................................... 19

IV.     CONCLUSION .................................................................................... 21

i

# TABLE OF AUTHORITIES

## CASES

Callender v. Panabori Food Corp., No. 16cv7152 (PKC) (DF), 2018 U.S. Dist. LEXIS

    122950, at *11 (S.D.N.Y. July 11, 2018)...................................................... 20

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) ..... 19

Anderson v. City of New Rochelle, 2012 U.S. Dist. LEXIS 125358, at *29 (S.D.N.Y.

    Sep. 4, 2012) ............................................................................................... 18

Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 409 (S.D.N.Y. 2012)

    ...................................................................................................................... 13

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ........................................................ 6, 15

Barbosa v. Continuum Health Partners Inc., 716 F. Supp. 2d 210, 217

    (S.D.N.Y.2010)............................................................................................. 13

Battino v. Cornelia Fifth Ave., LLC, 861 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) .... 6, 7

Bautista v. Beyond Thai Kitchen, Inc., 2015 U.S. Dist. LEXIS 124454, at *13

    (S.D.N.Y. Sep. 17, 2015)............................................................................. 4, 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ................................................ 6

Bivens v. Inst. for Cmty. Living, Inc., 14 Civ. 7173, 2015 U.S. Dist. LEXIS 51000,

    2015 WL 1782290, at *7 (S.D.N.Y. Apr. 17, 2015)...................................... 17

Cappelli v. Jack Resnick & Sons, Inc., No. 1:13-cv-3481-GHW, 2016 U.S. Dist.

    LEXIS 29863, at *34 (S.D.N.Y. Mar. 8, 2016)........................................... 20

Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 45 n.3 (2d Cir. 2003) ................. 12

City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) .......................... 19

Criley v. Delta Airlines, Inc., 119 F.3d 102 (2d Cir. 1997) ......................................... 14

Diaz v. Slayton One Cleaner Inc., No. 17 CV 1311-LTS-KNF, 2018 U.S. Dist. LEXIS
    176176, at *12 (S.D.N.Y. Oct. 11, 2018) .................................................................. 8

EEOC v. Barney Skanska Constr. Co., 99 Civ. 2001 (DC), 2000 U.S. Dist. LEXIS
    15713, at *5 (S.D.N.Y. Oct. 27, 2000) ..................................................................... 5

EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086, 1094 (6th Cir. 1974) .. 4

Fitzgerald v. Henderson, 251 F.3d 345, 362 (2d Cir. 2001) ....................................... 16

Franco v. Jubilee First Ave. Corp., No. 14-CV-07729 (SN), 2016 U.S. Dist. LEXIS
    114191, at *24 (S.D.N.Y. Aug. 25, 2016) ........................................................ 11, 12

Golden State Bottling Co. v. NLRB, 414 U.S. 168, 185 (1973) .................................... 9

Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010) ...................... 13

Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 187 (2d Cir. 2006) ....................... 17

Hazen Paper Co. v. Biggins, 507 U.S. 604, 609(1993) ................................................ 14

Hidalgo v. New Ichiro Sushi, Inc., No. 15-cv-414 (AJN), 2017 U.S. Dist. LEXIS
    168093, at *36-37 (S.D.N.Y. Sep. 27, 2017) ............................................................ 8

Hodge v. N.Y. Coll. of Podiatric Med., 157 F.3d 164, 166 (2d Cir. 1998) .................. 15

Hogan v. Metromail, 107 F. Supp. 2d 459, 464 (S.D.N.Y. 2000) .......................... 14, 15

Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993), cert. denied 511 U.S. 1052
    (1994) ...................................................................................................................... 16

Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) .............................. 17

Lowe v. Commack Union Free Sch. Dist., 886 F.2d 1364, 1376 (2d Cir. 1989) ......... 18

iii

Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000) .... 20

Marte v. Westbury Mini Mart, Inc., No. CV 16-53 (SJF) (ARL), 2017 U.S. Dist.

 LEXIS 7721, at *24 (E.D.N.Y. Jan. 18, 2017) ........................................................ 11

New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006).................... 11

Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998)........................ 16

Rouse v. City of New York, No. 08 CV 7419 (HB), 2009 U.S. Dist. LEXIS 46718,

 2009 WL 1532054, at *6 (S.D.N.Y. June 2, 2009)................................................... 17

Ruiz v. County of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010) ............................ 13

Shevack v. Litton Applied Tech., 95 Civ. 7740 (JSM), 1998 U.S. Dist. LEXIS 12748,

 at *7-8 (S.D.N.Y. Aug. 17, 1998) ............................................................................. 5

South v. Cont'l Cas. Co., No. 15cv1627, 2017 U.S. Dist. LEXIS 27985, at *24

 (S.D.N.Y. Feb. 28, 2017)........................................................................................... 20

United States v. Bestfoods, 524 U.S. 51, 63 (1998) ................................................... 11

Vernon v. Port Auth., 154 F. Supp. 2d 844, 852 (S.D.N.Y. 2001) ............................ 16

Woodman v. WWOR-TV, Inc., 411 F.3d 69, 79-80 (2d Cir. 2005)............................ 18

Xue Ming Wang v. Abumi Sushi, Inc., 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017)  5, 7, 9,

 10

**STATUTES**

28 U.S.C. § 1367(c)...................................................................................................... 16

29 U.S.C. § 626(d) ....................................................................................................... 12

29 U.S.C. § 630(b) ....................................................................................................... 11

iv

29 U.S.C. §633(b) ................................................................................................ 12

## I.      PRELIMINARY STATEMENT

Defendant Graceful II Service, Inc. ("Graceful II") submits this memorandum of law in support of its motion to dismiss Plaintiff Mei Yue Gao's ("Plaintiff" or "Ms. Gao") First Amended Complaint (Dkt. No. 34 hereinafter "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim *against Graceful II.*

This Court should grant Graceful II's motion because Plaintiff fails to state a prima facie case of age discrimination arising under Age Discrimination in Employment Act ("ADEA") as well as New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), because she fails to show that Graceful II's alleged failure to hire Plaintiff but other former Graceful Services employees after its asset acquisition of Graceful Services, Inc. ("Graceful Services") is motivated by discriminatory animus. The Complaint is devoid of any allegation as to Graceful II's acting on the knowledge of significant age discrepancy between Ms. Gao and other former employees who Graceful II hired, or the ages of any such employee.

Furthermore, Plaintiff's ADEA claim fails because, inter alia, that she fails to allege that Graceful II is a covered employer under the statute as it does not employ 20 or more employees. As a result, the Court should, in its sound discretion, not to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims

for age discrimination as they do not form the same case or controversy with her FLSA wage and hour claims.

Moreover, Plaintiff's claims against Graceful II fails because Graceful II is not liable to Plaintiff as the corporate successor of Graceful Services, because that Graceful II had no notice of Ms. Gao's claims and that Grace Macnow, owner of Graceful Services, can provide relief to Plaintiff.

## II.     FACTUAL BACKGROUND AND PROCEDUAL HISTORY

Plaintiff commenced this action on May 4, 2018, alleging both wage and hour claims under FLSA and NYLL, as well as age discrimination claims pursuant to ADEA, NYSHRL, and NYCHRL. (Dkt. No.1) Plaintiff amended her complaint on October 11, 2018 following a request for pre-motion conference for the instant motion. (Dkt. No. 34).

Grace Macnow founded Graceful Services in 2001. See Ex. E to Affirmation of Ge Qu ("Qu Aff."). Graceful Services was the recipient of numerous awards and recognitions during its 17-year run, which ended in late December 2017. See Ex. B to Qu Aff. Graceful II acquired the corporate assets of Graceful Services for value at $80,000, including a significant premium for the goodwill associated with the corporate brand. See Ex. A to Qu Aff; Affidavit of Meng Ling ("Ling Aff.") ¶¶4, 5. The corporate sales agreement was executed on November 26, 2017, with $40,000 as down payment. See Ex. A to Qu Aff. The business sale took the form of asset acquisition as Meng Ling, the owner and sole shareholder of Graceful II,

2

incorporated a distinct corporate entity, i.e., Graceful II Service Inc. See Ex. H to Qu Aff.

To save costs and improve efficiency, Graceful II reduced the business premises of the spa, including returning 2 of the 3 units at 1093-1095 2nd Ave., New York, NY, originally leased by Graceful Services. See Ex. G; Ex. C. Graceful II interviewed and hired six massage therapists formerly employed by Graceful Services, all of whom are over 40 years old. See Ling Aff. ¶9.  Plaintiff, not selected for interview, brought this instant action, alleging, *inter alia*, age discrimination against Graceful II for failure to hire. In addition, Plaintiff alleges that she suffered an adverse employment action in the form of reduced work assignment and wages in 2015. See Compl. ¶54. However, as discussed below, Plaintiff's discrimination claim based on this adverse action is time-barred.

Furthermore, Ms. Gao alleges minimum wage and overtime claims under both FLSA and NYLL against Graceful II as the corporate successor of Graceful Services. Ms. Gao does not allege and thus concedes no employment relationship between her and Graceful II. Rather, her wage and hour claims are purportedly based on the federal common law of successor liability under the substantial continuity theory. See Compl. ¶¶30-37.

### III.      ARGUMENT

**A.     PLAINITFF FAILS TO STATE A CLAIM OF SUCCESSOR LIABILITY.**

>   **1.  Plaintiff's Claims against Graceful II Fails the Substantial
>        Continuity Test.**

Plaintiff concedes that there never existed an employment relationship

between herself and Graceful II. <u>See</u> Compl. ¶¶29, 38, 61. Rather, Plaintiff purports

to anchor her claims against Graceful II as the corporate successor of Graceful

Services under the theory of substantial continuity. <u>See</u> Compl. ¶¶29-37. In

determining whether substantial continuity exists, Courts in this Districts applies a

nine-factor test outlined in <u>E.E.O.C. v. MacMillan Bloedel Containers, Inc.</u>, 503

F.2d 1086, 1094 (6th Cir. 1974): (1) whether the successor company had notice of

the charge or pending lawsuit prior to acquiring the business or assets of the

predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has

been a substantial continuity of business operations; (4) whether the new employer

uses the same plant; (5) whether he uses the same or substantially the same work

force; (6) whether he uses the same or substantially the same supervisory

personnel; (7) whether the same jobs exist under substantially the same working

conditions; (8) whether he uses the same machinery, equipment, and methods of

production; and (9) whether he produces the same product. <u>Bautista v. Beyond Thai</u>

<u>Kitchen, Inc.</u>, 2015 U.S. Dist. LEXIS 124454, at *13 (S.D.N.Y. Sep. 17, 2015); <u>see</u>

<u>also</u> <u>E.E.O.C. v. Barney Skanska Constr. Co.</u>, 99 Civ. 2001 (DC), 2000 U.S. Dist.

LEXIS 15713, at *5 (S.D.N.Y. Oct. 27, 2000) (applying the <u>MacMillan</u> substantial continuity test to Title VII claims).

The first two factors—notice and the ability of the predecessor to provide relief—are indispensable. <u>Xue Ming Wang v. Abumi Sushi, Inc.</u>, 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017); <u>see also</u> <u>Shevack v. Litton Applied Tech.</u>, 95 Civ. 7740 (JSM), 1998 U.S. Dist. LEXIS 12748, at *7-8 (S.D.N.Y. Aug. 17, 1998) (holding notice and continuity of business operations necessary for finding successor liability under the substantial continuity test in the ADEA context). Granted, Graceful II purchased the assets of Graceful Services and has operated a substantially similar business, i.e., a spa. However, absent the first two factors, a finding of liability under the substantial continuity test would in effect "impose joint and several liability on innocent purchasers of a business's assets whenever the purchaser makes use of those assets and continues to run a substantially similar business post-sale." <u>Abumi Sushi, Inc.</u>, 262 F. Supp. 3d at 89.  Indeed, no matter who purchases the assets of Graceful Services, she mostly likely wishes to run a similar spa business since it is the most valuable way to utilize those corporate assets such as massage tables, chairs, and the goodwill associated with the predecessor business. Especially, as in the present case, the purchaser paid valuable consideration for those assets. <u>See</u> Ling Aff. ¶5.

Plaintiff fails to plead enough facts to support a finding that: (1) Graceful II had notice of the pending lawsuit at the time it acquired the assets of Graceful

Services; or (2) any facts as to the inability of Graceful Services or Grace Macnow, the predecessor of Graceful II, to provide relief to Plaintiff.

### a) Graceful II Did Not Have Notice of Plaintiff's Claims or Reason to Investigate its Predecessor's Employment Practices.

Plaintiff fails her burden to prove that Graceful II had notice of her claims. See Battino v. Cornelia Fifth Ave., LLC, 861 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) (holding that plaintiffs had the burden to prove the putative successor had notice of the potential claims prior to the business transition). Plaintiff's Complaint contains nothing more than bare legal conclusions reciting the elements of the "substantial continuity" test. See Comp. ¶¶29-37. In reviewing a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), which "must be supported by factual allegations." Id. Instead, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Here, Plaintiff asserts that "Management at Graceful II were aware" of her claims. Compl. ¶36. Yet, Plaintiff fails to give any indicia of the nature of this knowledge or to whom she was referring as "Management." It is the very kind of

6

barebone legal conclusions that falls short of the plausibility standard delineated in Iqbal. Indeed, it is impossible that Graceful II had notice of this pending lawsuit as the acquisition by Graceful II happened around December 2017, see Compl. ¶29, while the instant action was brought on May 4, 2018, more than five months later. Cf. Abumi Sushi, Inc., 262 F. Supp. 3d at 92 (holding that it is impossible for the putative successor to have notice of the pending lawsuit at the time of corporate sale as the latter preceded the filing of the lawsuit more than six months). Such lack of notice of potential liability presents "'a good reason . . . to withhold [successor] liability.'" Bautista, 2015 U.S. Dist. LEXIS 124454, at *17 (quotation omitted).

Granted, precedents in this District indicate that the notice requirement could be premised upon constructive notice or knowledge of "potential liability" in the FLSA context. See, e.g., Battino v. Cornelia Fifth Ave., LLC, 861 F. Supp. 2d 392, 405 (S.D.N.Y. 2012) (holding that corporate successor had notice of potential FLSA liability when it had knowledge of its predecessor's failure to pay employee wages and proceeded to negotiate various warranties, representations and indemnification provisions "at least partially in response to this knowledge"); Bautista v. Beyond Thai Kitchen, Inc., 2015 U.S. Dist. LEXIS 124454, at *20-21 (S.D.N.Y. Sep. 17, 2015) (holding that successor liability may be predicated on constructive knowledge where buyers fail to exercise due diligence when the purchaser of business paid a suspiciously low purchase price and the closing was rushed). However, Judge Swain, concurring with Judge Woods, held that no general duty of due diligence is required of the purchaser of a business, given the legal and

7

policy analysis in <u>Abumi Sushi</u>, and that imputing such constructive notice is appropriate only when certain "red flags," such as the "suspiciously low purchase price and uncharacteristically quick closing" that were present in <u>Bautista</u>, "should have led the defendant to inquire further into the circumstances of the transaction." <u>Diaz v. Slayton One Cleaner Inc.</u>, No. 17 CV 1311-LTS-KNF, 2018 U.S. Dist. LEXIS 176176, at *12 (S.D.N.Y. Oct. 11, 2018); <u>accord</u> <u>Hidalgo v. New Ichiro Sushi, Inc.</u>, No. 15-cv-414 (AJN), 2017 U.S. Dist. LEXIS 168093, at *36-37 (S.D.N.Y. Sep. 27, 2017) (holding that "if a buyer has reason to be suspicious that there are labor violations at the seller's establishment, or that a deal reflects a discount for such violations, he cannot put his head in the sand, benefit from the circumstances of the sale, and later seek to avoid liability. A broader rule of constructive notice, however, could result in the imposition of sweeping affirmative obligations at the time of sale that could subject innocent buyers to unfair liabilities and impede the efficient transfer of assets.").

Here, this case is distinguishable from <u>Battino</u> or <u>Bautista</u>. Not only did Plaintiff fail to allege that Graceful II had any knowledge of the employment practices complained herein, but also could not point to any facts that the substantial consideration Graceful II paid for the assets of Graceful Services is offset in anyway by such potential liability or that the parties structured the sale around the potential exposure to FLSA liability.  Indeed, the opportunity to negotiate a favorable price or indemnification provisions is precisely the rationale behind the notice requirement. <u>See</u> <u>Golden State Bottling Co. v. NLRB</u>, 414 U.S.

168, 185 (1973) ("the successor must have notice before liability can be imposed, 'his potential liability for remedying the unfair labor practices is a matter which can be reflected in the price he pays for the business, or he may secure an indemnity clause in the sales contract which will indemnify him for liability arising from the seller's unfair labor practices.'") (quotation omitted).

Conversely, Plaintiff adduces no plausible allegations that Graceful II had notice of the pending lawsuit or any knowledge of the alleged violations of the federal and state wage and hour laws as well as discrimination claims. Nothing in the Amended Complaint could be construed in a way to indicate that Graceful II has taken any discount toward the purchase price because of the potential liability; or that Graceful II structured the sale in a way around the liability exposure, e.g., replacing the entire workforce, changing the business name, relocating to a difference location, obtaining an indemnification agreement from Graceful Services, etc. Indeed, the facts point to the contrary: Graceful II retained the business name of "Graceful Service" due to its goodwill and recognition in the community; retained most of the massage therapists and paid fair consideration for the assets. In other words, Graceful II "makes the most obvious and efficient use of the purchased assets." Abumi Sushi, Inc., 262 F. Supp. 3d at 90.

Furthermore, none of the "red flags" in Bautista is present in this case. Graceful II paid substantial consideration to purchase the business. See Ling Aff. ¶5. It took the parties about five months to close the corporate sale from initial sales agreement in November 2017 to the closing on April 10, 2018. See Ling Aff.

9

¶4.  Plaintiff failed to allege any facts that could have reasonably alerted Graceful II to investigate its predecessor's employment practices. Without notice and a reason to investigate the seller's labor practices, the imposition of successor liability under the substantial continuity test would be tantamount to effectively creating "a duty of due diligence," which " should be imposed by Congress, or at least the Second Circuit, in the first instance." <u>Abumi Sushi, Inc.</u>, 262 F. Supp. 3d at 83.

### b) Graceful Services, Inc. and Grace Macnow can Provide Relief to Plaintiff.

Plaintiff fails to allege any facts regarding the inability of Graceful Services and its owner Grace Macnow to provide relief for Plaintiff other than speculates "there is a question." Compl. ¶37. Not only it fails the reasonable inference standard in <u>Iqbal</u> but is simply untenable. Graceful Services has operated a prized spa business for almost 17 years since its establishment in 2001. <u>See</u> Ex. B to Qu Aff. Graceful II paid a substantial purchase price for the business. <u>See</u> Ling Aff. ¶4; Ex. A to Qu Aff. On top of that, both Graceful Services, Inc. and its owner Grace Macnow have appeared in this case through counsel. Indeed, the silence of the facts is deafening as to the existence of said "question."

### 2. Graceful II is Not Liable to Plaintiff under the Traditional Common Law Test as an Asset Purchaser.

Well-established New York common law principles prescribe that Graceful II, as an asset purchaser of Graceful Services, is not liable to Plaintiff for its

predecessor's liabilities. <u>See</u> <u>New York v. Nat'l Serv. Indus., Inc.</u>, 460 F.3d 201, 209 (2d Cir. 2006). Since FLSA itself is silent on the issue of liability for successor employers, <u>see, e.g.</u>, <u>Marte v. Westbury Mini Mart, Inc.</u>, No. CV 16-53 (SJF) (ARL), 2017 U.S. Dist. LEXIS 7721, at *24 (E.D.N.Y. Jan. 18, 2017), courts are not free to impose federal statutory liability under standards that depart from the well-established principles of common law. <u>See</u> <u>United States v. Bestfoods</u>, 524 U.S. 51, 63 (1998) (holding that a federal statute [CERCLA] cannot abrogate state law principal regarding piercing corporate veil unless the statute speaks directly to the question addressed by the common law).

Hence, New York common law should control with regards to Graceful II's liabilities as a successor to Graceful Services, Inc.

Granted, under New York law,  a successor corporation may be held liable for the obligations of its predecessor if any of the following conditions are present: "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." <u>Franco v. Jubilee First Ave. Corp.</u>, No. 14-CV-07729 (SN), 2016 U.S. Dist. LEXIS 114191, at *24 (S.D.N.Y. Aug. 25, 2016). Since the Complaint is silent on allegations regarding assumption of liability or fraud, the only potentially applicable exceptions are the "de facto merger" and "mere continuation" exceptions, which are "so similar that they may be considered a single

exception." Id. at *24 (quoting Cargo Partner AG v. Albatrans, Inc., 352 F.3d 41, 45 n.3 (2d Cir. 2003)).

The de facto merger or mere continuation exception is inapplicable to this case because there is no continuation of ownership between Graceful Services, Inc. and Graceful II Service, Inc. Concededly, defendant Grace Macnow is the owner of Graceful Services, Inc. as shown on public records. See Ex. E to Qu. Aff. But Plaintiff's allegation that Grace Macnow has an ownership interest in Graceful II is speculation without root in facts. See Comp. ¶18. Graceful II is 100% owned by Ming Ling, see Ex. F to Aff., who incorporated Graceful II on November 16, 2017. Ex. H to Qu. Aff; Ling Aff. ¶6. Plaintiff does not allege that Ming Ling never had any ownership interest in Graceful Services, Inc. Nor has she. See Ling Aff. ¶7. In other words, there is no continuity of ownership between Graceful Services, Inc. and Graceful II because no individual has had an ownership interest in both corporations. Contra Franco v. Jubilee First Ave. Corp., No. 14-CV-07729 (SN), 2016 U.S. Dist. LEXIS 114191, at *27 (S.D.N.Y. Aug. 25, 2016) (finding continuation of ownership where the sole owner of the predecessor corporation also holds a one-third ownership interest in the successor corporation).

Therefore, Graceful II is not liable to Plaintiff as successor to Graceful Services, Inc. under traditional common law.

**B.     PLAINTIFF FAILS TO STATE A CLAIM OF AGE DISCRIMINATION AGAINST GRACEFUL II.**

Plaintiff bears the initial burden of establishing a *prima facie* case of age discrimination arising under the Age Discrimination in Employment Act ("ADEA") since the federal statute is analyzed under the *McDonnell Douglas* burden shifting framework. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010). To state a claim for age discrimination under AEDA, Plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. See Ruiz v. County of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010). The same evidentiary framework applies to Plaintiff's age discrimination claims brought under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). See Barbosa v. Continuum Health Partners Inc., 716 F. Supp. 2d 210, 217 (S.D.N.Y.2010). Therefore, any of Plaintiff's age discrimination claims must "permit a court to infer that it is plausible that the plaintiff suffered an adverse employment action because of his age." Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 409 (S.D.N.Y. 2012).

Though Plaintiff alleged that she suffered an adverse employment action in the form of Graceful II's "refusing to allow Plaintiff to continue working" after the corporate acquisition, Compl. ¶55, she failed to plead any admissible evidence of circumstances that would suffice to permit an inference of discrimination, as

13

Plaintiff must show that Graceful II's policies or practices "caused 'disparate impact' or 'disparate treatment'" affecting her conditions of employment based on her age. Hogan v. Metromail, 107 F. Supp. 2d 459, 464 (S.D.N.Y. 2000) (quoting Criley v. Delta Airlines, Inc., 119 F.3d 102 (2d Cir. 1997)). Here, neither theory of discrimination applies.[1]

### 1.  Graceful II is Not a Covered Employer under ADEA.

Plaintiff's ADEA claim must be dismissed because she failed to allege that Graceful II is a covered employer under the statute. The ADEA defines an "employer" as "… a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …." 29 U.S.C. § 630(b). Here, Plaintiff failed to assert any facts relating to the number of employees at Graceful II, yet still concludes that "Defendants were 'employers' of Plaintiff within the meaning of the FLSA, NYLL, AEDA, NYSHRL, and the City Law." Compl. ¶22. In deciding the present motion to dismiss, the Court does not need accept as true such cookie-cutter legal conclusions as "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," Iqbal,

---

[1]  Plaintiff appears to premise her theory of age discrimination upon disparate treatment since disparate impact requires allegations of a facially-neutral employment practice that has an adverse effect of "falling more harshly" on a protected class than on one unprotected. See Hazen Paper Co. v. Biggins, 507 U.S. 604, 609(1993). The Amended Complaint contains no allegation as to any facially-neutral policy or practice by defendants but allusions to purposeful discrimination based on Plaintiff's age. See Comp. ¶¶58, 61.

556 U.S. at 678, which "must be supported by factual allegations." Id. Therefore, Plaintiff fails to state an ADEA claim. Cf. Rao v. Kenya Airways, 94 Civ. 6103 (CSH), 1995 U.S. Dist. LEXIS 8416, at *8 (S.D.N.Y. June 19, 1995) (dismissing ADEA claim because defendant lacks the requisite 20 employees). Indeed, Graceful II, since its existence since November 16, 2017, has had at most 8 employees. See Ling Aff. ¶10; Ex. H to Qu Aff.

## 2. Plaintiff's Claim for Age Discrimination Claim Based on Reduction of Workload and Wages is Time-Barred.

Plaintiff purportedly asserts that she suffered two adverse employment actions: (1) reduction in work assignments and wages; and (2) failure to hire by Graceful II. See Comp. ¶¶3,54,55,57,61. Nonetheless, the only allegations that could be construed to show discriminatory intent involves Plaintiff's complaint to defendant Grace Macnow about said reduced workload and one isolated comment by an employee of Graceful Services. See Compl. ¶¶57,58. Aside from being inadmissible hearsay, Plaintiff is time-barred from asserting age discrimination claims based on her alleged reduction of workload and wages as it allegedly happened in "second half of 2015" while she did not file her EEOC charge until May 31, 2018, exceeding the 300-day statute of limitation for ADEA claims. See Comp. ¶¶57, 9; See, e.g., Hogan, 107 F. Supp. 2d at 464  (citing 29 U.S.C. § 626(d) and 29 U.S.C. §633(b)); Hodge v. N.Y. Coll. of Podiatric Med., 157 F.3d 164, 166 (2d Cir. 1998).

Furthermore, the continuing-violation exception does not apply to this case. The continuing-violation exception extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination even if those acts, standing alone, would have been barred by the statute of limitations." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998) (quotation omitted). Though the continuing violation exception may apply to specific and related instances of discrimination against a single plaintiff, see Fitzgerald v. Henderson, 251 F.3d 345, 362 (2d Cir. 2001), several incidents of discrimination, even if similar, that are not the result of a *discriminatory policy or mechanism* do not amount to a continuing violation. See Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993), cert. denied 511 U.S. 1052 (1994) (emphasis added). Here, Plaintiff fails to show that the alleged two incidents of discrimination, i.e., reduction of work assignments by Graceful Services in 2015 and the failure to hire by Graceful II in December 2017, are the result of a discriminatory policy or mechanism by any of the Defendants.

Nor has Plaintiff show any extraordinary circumstances that would warrant equitable tolling such as Defendants' lulling Plaintiff into inaction. Cf. Vernon v. Port Auth., 154 F. Supp. 2d 844, 852 (S.D.N.Y. 2001) (finding no extraordinary circumstances when defendant or the Court did not lure plaintiff into inaction). Therefore, Plaintiff cannot base her ADEA claim on the alleged reduction of work assignment and wages in this case.

16

### 3.  Plaintiff Fails to Show Disparate Treatment by Graceful II.

Plaintiff's failed to allege facts that "plausibly support" that Graceful II's hiring other massage therapists formerly employed by Graceful Services but her, was motived by age discrimination. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015).  Indeed, Plaintiff has not alleged any facts pertaining to Graceful II that could possibly support an inference of discriminatory intent such as: Graceful II's criticism of the Plaintiff's performance in degrading terms related to her age; or its invidious comments about others employees aged 40 and over; or the more favorable treatment of similarly situated employees not in the protected group; or the sequence of events leading to the plaintiff's discharge. See Bivens v. Inst. for Cmty. Living, Inc., 14 Civ. 7173, 2015 U.S. Dist. LEXIS 51000, 2015 WL 1782290, at *7 (S.D.N.Y. Apr. 17, 2015); see also Littlejohn, 795 F.3d at 311 (noting that facts such as that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage at the pleading stage).

Plaintiff's claim that Graceful II discriminated her by failing to hire her but other former Graceful Services employees is legally deficient, because Plaintiff fails to show that Graceful II acted with knowledge of the age discrepancy between herself and other employees.  Granted, in the ADEA context, discrimination by disparate treatment could be determined by looking at whether the person who was chosen for the position was "substantially younger" than the plaintiff.  Rouse v. City of New York, No. 08 CV 7419 (HB), 2009 U.S. Dist. LEXIS 46718, 2009 WL

17

1532054, at *6 (S.D.N.Y. June 2, 2009) (citing Graves v. Finch Pruyn & Co., Inc., 457 F.3d 181, 187 (2d Cir. 2006)). However, the Second Circuit has held that, at the *prima facie* stage, Plaintiff "must be able to point to some admissible evidence that the defendant acted with knowledge as to the alleged significant age discrepancy" if Ms. Gao are to rely on replacement by a younger worker to support an inference of discrimination. Woodman v. WWOR-TV, Inc., 411 F.3d 69, 79-80 (2d Cir. 2005).

This is not the case here. Graceful II hired a total of six massage therapists who were formerly employed by Graceful Services. See Ling Aff. ¶9. All of them aged 40 and over. Id. In other words, Graceful II did not fill the massage therapist position Plaintiff sought with a substantially younger worker. Contra Anderson v. City of New Rochelle, 2012 U.S. Dist. LEXIS 125358, at *29 (S.D.N.Y. Sep. 4, 2012) (finding an inference of discrimination when the position applied for by plaintiff, a 66-year old African American, was filled by a white male in his late 20s or early 30s).

Indeed, the Complaint is devoid of any allegations regarding the ages of other former Graceful Services employees hired by Graceful II. There is no mentioning that Plaintiff Gao was treated less favorably than younger candidates during the recruitment process by Graceful II. Nor did Plaintiff allege that the employees Graceful II recruited from Graceful Services were also over 40, or that she was replaced by a younger worker. In other words, Plaintiff alleges no facts showing that Graceful II's discriminatory motive was a "significant contributory factor" for

the alleged failure to hire. Lowe v. Commack Union Free Sch. Dist., 886 F.2d 1364, 1376 (2d Cir. 1989).

Furthermore, Graceful II had legitimate business reason not to hire Plaintiff, i.e., lowering costs. After the asset acquisition, Graceful II promoted operational efficiency by implementing a series of measures to save costs, including: (1) lowering rents by reducing the size of the business premises; and (2) downsizing the staff, while recycling corporate assets such as massage chairs, tables, online employee portals, as well as the good will of the "Graceful Services" brand. See Ling Aff. ¶8. Indeed, Graceful II returned 2 of the 3 units originally leased by Graceful Services to the landlord of 1093-1095 2nd Ave., New York, NY, thus lowering rent by 40%. See Ex. G; Ex. C to Qu Aff.

### 4. This Court Need Not Exercise Supplemental Jurisdiction over Plaintiff's NYSHRL and NYCHRL claims.

It is within this Court's discretion not to to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims since she has failed to state a federal age discrimination claim under ADEA. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (holding federal district courts' exercise of supplemental jurisdiction is "discretionary"). As a result, Plaintiff's state and city age discrimination claims are not part of the 'same case or controversy" as her FLSA claims because they do not "derive from a common nucleus of operative fact." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006)

19

(quotation omitted); <u>See also</u> 28 U.S.C. § 1367(c) ("[A] district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

In this Circuit, "courts regularly decline jurisdiction over NYSHRL and NYCHRL claims once the federal employment claims have been dismissed." <u>South v. Cont'l Cas. Co.</u>, No. 15cv1627, 2017 U.S. Dist. LEXIS 27985, at *24 (S.D.N.Y. Feb. 28, 2017) (quotations omitted); <u>see also</u> <u>Cappelli v. Jack Resnick & Sons, Inc.</u>, No. 1:13-cv-3481-GHW, 2016 U.S. Dist. LEXIS 29863, at *34 (S.D.N.Y. Mar. 8, 2016) (declining to exercise supplemental jurisdiction over NYCHRL claims once ADEA claims are dismissed, observing that the NYCHRL explicitly requires an "independent liberal construction analysis" in all circumstances, an analytical framework that goes "beyond those of counterpart state or federal civil rights laws.") (quotations omitted).

Here, supplemental jurisdiction is lacking between Plaintiff's FLSA claims and state and city law age discrimination claims, because these claims rested on "essentially unrelated facts." <u>Lyndonville Sav. Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 704 (2d Cir. 2000). In this case, the remaining FLSA claims involves claims for minimum wage and overtime while the NYSHRL and NYCHRL claims pertains to age discrimination. The two sets of claims involve "vastly different and unrelated factual issues" because the factual allegations underpinning Plaintiff's FLSA claims hinges on the hours Plaintiff worked and the compensation she received, whilst her NYSHRL and NYCHRL claims involves allegations that

20

Defendants took an adverse employment action under circumstances supporting an inference of discrimination or retaliation.  Cf. Callender v. Panabori Food Corp., No. 16cv7152 (PKC) (DF), 2018 U.S. Dist. LEXIS 122950, at *11 (S.D.N.Y. July 11, 2018) (declining to exercise supplemental jurisdiction over FLSA plaintiff's NYSHRL and NYCHRL claims).

## IV.      <u>CONCLUSION</u>

For the reasons set forth above, Defendant Graceful II Service, Inc. respectfully request that the Court grant its motion to dismiss all Plaintiff's claims against it.


Dated: Flushing, New York

December 3, 2018                                         HANG & ASSOCIATES, PLLC

By:__/s/_____
   Ge Qu, Esq.
   136-20 38th Avenue, Suite 10G
   Flushing, NY 11354
   Tel: 718.353.8522
   rqu@hanglaw.com
   *Attorneys for Defendant*
   *Graceful II Service Inc.*