```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2020
```

MEI YUE GAO,

                                          **Plaintiff,**                  **18-CV-04005 (SN)**

            -against-                                            **ORDER**

GRACEFUL SERVICES, INC., et al.,

                                        **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiff Mei Yue Gao ("Plaintiff") brings this action alleging violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 and § 200 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-107 *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*. Defendants Graceful Services, Inc. ("Graceful I") and Grace Macnow (together, "Defendants") move to enforce a settlement agreement between Defendants and Plaintiff, and for an award of attorney's fees for filing the motion. See ECF No. 92.

For the following reasons, the motion to enforce the settlement agreement is DENIED and the motion for attorney's fees is DENIED.

## DISCUSSION

Defendants and Plaintiff appeared before the Court for a settlement conference on July 17, 2019, at which these parties preliminarily agreed to a financial arrangement in contemplation of settlement while leaving several material items of a final agreement open for negotiation. Shortly thereafter, it became apparent that Plaintiff was insisting on certain non-monetary terms

to settle her claims. See ECF Nos. 72, 75, 77, 80, & 82. At a status conference held November 12, 2019, Defendants requested leave to file a motion to enforce a settlement agreement purportedly reached with the Plaintiff. See ECF No. 92.

A settlement agreement is a contract that is interpreted according to general principles of contract law. Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). As with any contract, a settlement agreement is valid and binding only if there is an offer, acceptance, consideration, mutual assent, and intent to be bound. See, e.g., Barbarian Rugby Wear, 06-cv-2652 (JGK), 2008 WL 5169495, at *2 (S.D.N.Y. Dec. 9, 2008). Additionally, whether all of the terms of the alleged contract have been agreed upon is one of the significant factors in determining whether an enforceable settlement agreement has been reached. Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985). "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." BCM Dev., LLC v. Oprandy, 490 F. App'x. 409, 409 (2d Cir. 2013) (citation omitted). The party seeking to enforce the purported agreement bears the burden of proving that the parties entered into a binding agreement. See Grgurev v. Licul, 15-cv-9805 (GHW), 2016 WL 6652741, at *3 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted).

Defendants argue that the parties agreed to all material terms when their counsel submitted a revised draft proposal signed by Grace Macnow to Plaintiff's counsel on November 1, 2019. Plaintiff contends first, that several material terms were not agreed upon, including issues related to a mutual release and protection from retaliation; and second, that Plaintiff's counsel indicated a lack of assent to an agreement by her October 31, 2019 email.

Based on this record, I find that Plaintiff intended to negotiate several additional material terms and that as such, there was no mutual assent or intent to be bound (by Plaintiff) and that the parties therefore did not reach an enforceable agreement.

## CONCLUSION

Defendants' motion to enforce the settlement agreement is DENIED. For that reason, and there being no allegation that Plaintiff's actions were taken in bad faith, Defendants' motion for attorney's fees in connection with the instant motion is also DENIED.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  February 28, 2020
         New York, New York