**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mei Yue Gao, | |
| *Plaintiff,* | **18-cv-4005-SN** |
| -against- | **SETTLEMENT AGREEMENT** |
| Graceful Services, Inc., Graceful II Service, Inc., and Grace Macnow, | **AND** <br> **MUTUAL RELEASE** |
| *Defendants.* | |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Mei Yue Gao ("Plaintiff") on the one hand, and Graceful Services, Inc. ("Defendant Corporation") and Grace Macnow, ("Individual Defendant") (together referred to hereinafter as "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-4005 (hereinafter "the Litigation");

WHEREAS, Defendants deny any liability in connection with Plaintiff's Claims; and

WHEREAS, the Parties participated in a settlement conference before Magistrate Judge Sarah Netburn on July 17, 2019 (the "Settlement Conference"); and

WHEREAS, the Parties continued settlement negotiations after the Settlement Conference and have agreed upon a settlement upon the terms set forth herein; and

WHEREAS, Plaintiff has agreed to withdraw all her claims against Grace Macnow and Graceful Services, Inc. in the Litigation under the New York Executive Law ("NYSHRL"), the Age Discrimination in Employment Act ("ADEA"), and the New York City Administrative Code ("NYCHRL"), with prejudice;

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of

{00785537.DOCX.3}

any and all claims that Gao brought in the Litigation under New York Labor Law and the Fair Labor Standards ("Plaintiff's Claims") Act through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of One Hundred and Thirty-Five Thousand Dollars and Zero Cents ($135,000.00) (the "Settlement Amount") to be paid to Plaintiff as follows:

    a.    <u>Installment One</u>: Within five (5) business days following entry of an Order dismissing the Plaintiff's Claims with prejudice, Defendants shall send the following:

    i.  A check in the amount of Twenty Thousand, Eight Hundred and Eight Dollars and Zero Cents ($ 20,808), less lawful and applicable deductions, to be paid on a W-2 and made payable to "Mei Yue Gao," representing wages;

    ii.  A check in the amount of Twenty Thousand, Eight Hundred and Eight Dollars and One Cent ($ 20,808.01), from which no deductions will be made, to be paid on a 1099 and made payable to "Mei Yue Gao," representing damages; and

    iii.  A check in the amount of Twenty-Five Thousand, Eight Hundred and Eighty-Three Dollars and Zero Cents ($25,883.00) made payable to "Kakalec Law PLLC," representing attorneys' fees and costs.

    b.    <u>Installments Two through Six</u>: On the first day of the month for each of the five (5) months following Defendants' payment referred to in paragraph 1(a) above, Defendants shall send the following:

    i.  A check in the amount of Four thousand and five hundred dollars and zero cents ($4,500) ,less lawful and applicable deductions, to be paid on a W-2 and made payable to "Mei Yue Gao," representing wages;

    ii.  A check in the amount of Four thousand and five hundred dollars and zero cents ($4,500) from which no deductions will be made, to be paid on a 1099 and made payable to "Mei Yue Gao," representing damages; and

    iii.  A check in the amount of Four thousand and five hundred dollars and zero cents ($4,500) made payable to "Kakalec Law PLLC," representing attorneys' fees and costs.

All checks constituting the Settlement Amount set forth above shall be delivered to the office of Kakalec Law PLLC to the attention of Patricia Kakalec, Esq., 195 Montague Street, 14th Floor, Brooklyn, New York 11201 or to any address subsequently designated by counsel for the Plaintiff. Failure to deliver said checks shall constitute a default under the Agreement.

Defendants shall issue an IRS form 1099 to Plaintiff and an IRS form 1099 to Plaintiff's counsel for all payments made by Defendants to Plaintiff and Plaintiff's counsel which represent damages and/or attorneys' fees, respectively. Defendants shall issue any IRS form 1099 to Plaintiff and/or Plaintiff's counsel at the same time the Defendants issue those forms to other individuals/entities for the applicable tax year. Defendants shall check box 3 (other income) in the 1099 issued to the Plaintiff. Plaintiff acknowledges and understands that in order to receive the Settlement Sum, Plaintiff must first provide Defendants with both an IRS form w-9 and an IRS form w-4, and that Defendants will not issue payment without Plaintiff first providing same.

Defendants agree to execute an Affidavit of Confession of Judgment, annexed hereto as "Exhibit B," on behalf of the Defendant Corporation and Defendant Macnow, to be held by Plaintiff unless and until the occurrence of a Default, as defined herein.

Defendants agree that their (1) failure to tender any payment on the dates specified in this Section 1 shall constitute a "Default" under this Agreement. In the event of a Default, if Defendants fail to cure such Default within fourteen (14) days after written notice of such Default is transmitted to Defendants' attorneys by Plaintiff's Attorneys, Plaintiff will be entitled to enforce the Affidavit of Confession of Judgment and have judgment entered against Defendants in the United States District Court for the Southern District of New York for breach of this Agreement for Two Hundred and Seventy Thousand dollars ($270,000.00), less any payments made hereunder.

Plaintiff also acknowledges and understands that she will not receive the Settlement Amount until she takes all necessary action to dismiss her claims in the Litigation against Grace Macnow and Graceful Services, Inc. under the New York Executive Law ("NYSHRL"), the Age Discrimination in Employment Act ("ADEA"), and the New York City Administrative Code ("NYCHRL"), with prejudice; Defendants need not pay Plaintiff or her counsel the Settlement Amount until Plaintiff does so.

2.    Release:  Plaintiff hereby stipulates and agrees that in consideration for the Settlement Amount to be paid to her by Defendants as set forth above, and as for consideration for Plaintiff's release of any and all claims that Gao brought in the Litigation under the New York Labor Law and the Fair Labor Standards Act,  Plaintiff hereby releases and forever discharges Defendants, its predecessors, officers, members, managing members, employees, agents, directors, attorneys, insurers, clients, parent corporations, subsidiary corporations, sister corporations, and affiliate corporations, in any capacity or of any kind whatsoever (hereinafter referred to collectively, with Defendants, as "Releasees"), from any claims which she had made or could have made under the New York Labor Law and/or the Fair Labor Standards Act in connection with her employment by Defendants, that have or may have occurred or arisen prior to and up to the Effective Date of this Agreement. Plaintiff expressly waives any right or claim or right to assert later that any claim under either the New York Labor Law and/or the Fair Labor Standards Act has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waives any right or claim of right she may have under the law of any jurisdiction that the releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place prior and up to the Effective Date of this Agreement. Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiff's for physical injury made pursuant to the Worker's Compensation Law, however, as of the date Plaintiff executes this Agreement, she represents that she is not aware of any workplace injury she suffered while employed by Defendants.  This Agreement is not intended to waive claims for Unemployment Insurance benefits, Workers' Compensation benefits, claims that arise after the date the Parties execute this Agreement and/or claims for breach of this Agreement.  This release does not release any claims against Graceful II Service, Inc. or Meng Ling.

a.    Plaintiff has not  filed any complaint, suit, action, charge, claim, or proceeding in any court or tribunal whatsoever against Releasees except for the instant matter.  Defendants have not filed any complaint, suit, action, charge, claim or processing against Plaintiff.  Both parties specifically waive the benefit of any statute or rule of law which, if applied to this Agreement,

{00785537.DOCX.3}

would otherwise exclude from its binding effect any claims not now known by that party to exist.

       b.     It is the intent of Plaintiff and Releasees that by this Release, Plaintiff is giving up all rights, claims, and causes of actions against the Released Parties in connection with Plaintiff's Claims in this Litigation which concern her employment and which accrued prior to the Effective Date hereof, whether or not Plaintiff is aware of them and whether or not any damage or injury has yet occurred. It is the intent of Defendants that Defendants are giving up all rights, claims, and causes of actions against the Plaintiff in connection with Plaintiff's Claims in this Litigation which concern Plaintiff's employment and which accrued prior to the Effective Date hereof, whether or not Defendants are aware of them and whether or not any damage or injury has yet occurred. This release specifically does not preclude claims to enforce the terms of this Agreement.

       c.     Notwithstanding the foregoing, nothing contained herein shall prevent Plaintiff from filing an administrative charge of discrimination with the EEOC or any state or local fair employment practices agency, or an unfair labor practice charge with the NLRB. However, Plaintiff agrees that she shall not seek, accept, or be entitled to any monetary relief, whether for Plaintiff individually or as a member of a class or group, related to claims under the Fair Labor Standards Act or the New York Labor Law. This Agreement prohibits Plaintiff's ability to pursue any claims against the Releasees seeking monetary relief for Plaintiff and/or as a representative on behalf of others under the Fair Labor Standards Act or the New York Labor Law.

       d.     The parties affirm that they understand that they may later discover claims or facts that may be different than, or in addition to, those which they now know or believe to exist with regard to the subject matter of this Agreement, and which, if known at the time of signing this release, may have materially affected this Agreement or the parties' decision to enter into it. Nevertheless, the parties hereby waive any right or claim that might arise as a result of such different or additional claims or facts.

       e.     The Parties shall submit this Agreement and Stipulation of Dismissal with Prejudice, attached as Exhibit 'A' hereto, to conclude and dismiss the action, with prejudice, as to Defendants Graceful Services, Inc. and Grace Macnow. In addition, the Parties shall execute all such other documents as are reasonably necessary to terminate any other judicial, administrative or agency proceeding between the Parties, if any.

       3.     <u>Covenant Not to Sue</u>. A "covenant not to sue" is a legal term which means Plaintiff promises not to file a lawsuit in court or arbitration. It is different from Plaintiff's Release of Claims contained in Paragraph 2 above and Defendants' Release of claims below. Besides waiving and releasing the claims covered by Paragraph 2 above, Plaintiff also covenants and agrees never to sue the Defendants or any Releasees based on any claim released by Plaintiff under Paragraph 2 of this Agreement which were brought by Plaintiff in this Litigation, except that this Agreement does not limit Plaintiff's right to participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, the National Labor Relations Board, the Securities and Exchange Commission or other administrative agency or to bring a lawsuit against Releasees to enforce or challenge the validity of this Agreement. While Plaintiff may participate in such investigation or proceeding, Plaintiff acknowledges and agrees that Plaintiff waives her right to recover monetary damages under the Fair Labor Standards Act or the New York Labor Law in such investigation or proceeding (other than a proceeding before the Securities and Exchange Commission), and further that this Agreement prohibits Plaintiff's ability to pursue any claims

{00785537.DOCX.3}

against the Releasees seeking monetary relief for herself and/or as a representative on behalf of others.

Defendants release Plaintiff from any claims they could have made against Plaintiff under the New York Labor Law and/or the Fair Labor Standards Act in connection with Plaintiff's employment by Defendants, that have or may have occurred or arisen prior to and up to the Effective Date of this Agreement. Defendants expressly waive any right or claim or right to assert later that any claim under either the New York Labor Law and/or the Fair Labor Standards Act has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waives any right or claim of right they may have under the law of any jurisdiction that the releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place prior and up to the Effective Date of this Agreement.

Defendants further covenant and agree never to sue Plaintiff based on any claim released by them in this Agreement.

4.   No Admission of Wrongdoing:   This Agreement and compliance with this Agreement shall not be construed as an admission by any party of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.   Modification of the Agreement:   This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and each of the Defendants.

6.   Acknowledgments:   Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

7.   Acknowledgments and Affirmations. Plaintiff represents, acknowledges and affirms that:

a.   Plaintiff has been granted and received any and all leaves (paid or unpaid) to which Plaintiff may have been entitled during her employment, including any leave to which Plaintiff was entitled under any local leave or disability accommodation laws;

b.   Plaintiff has no known workplace injuries or occupational diseases that were not already reported to Defendants as of Plaintiff's last day of employment;

c.   Plaintiff has no retaliation claim against Defendants which is not released in this Agreement.

d.   Plaintiff is not aware of any existing lien against Plaintiff's recovery in this action, and agrees to release, hold harmless and indemnify the Releasees from any claim asserting a lien or claim against the Settlement Amount with respect to any liens, known or unknown, against Plaintiff's recovery in this action, including that portion of the recovery representing fees for legal services;

{00785537.DOCX.3}

e.      As of the date Plaintiff signs this Agreement, Plaintiff represents that she is not Medicare eligible (e.g., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer; etc.). Nonetheless, if the Centers for Medicare & Medicaid Services ("CMS") (the term "CMS" includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff, Employee agrees to (i) indemnify, defend and hold Releasees and its insurers harmless from any action by CMS relating to medical expenses of Plaintiff arising from the claims made by her against the Releasees, (ii) reasonably cooperate with Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under hereunder, and (iii) waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A

f.      Plaintiff acknowledges that Defendants, in paying the agreed-upon Settlement Amount under the Agreement, is not responsible for the satisfaction of any lien upon her recovery in this action, and further acknowledges that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively Plaintiff's responsibility. Plaintiff further agrees that should litigation be commenced against Defendants with respect to the enforcement and satisfaction of any liens, known or unknown, relating to her recovery in this action, as well as that portion representing fees for legal services, Plaintiff agrees to fully indemnify Releasees, and/or their respective successors or assigns (except for Graceful II Services Inc. and Meng Ling), for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to any of Releasees' defense of that action, and/or the defense of their successors or assigns.

g.      Both parties expressly understand that they are not entitled to, and will not seek, attorneys' fees in connection with this matter, aside from any portion of the Settlement Amount set forth in this Agreement attributable Plaintiff's attorneys' fees.

8.      Notices: Notices required under this Agreement shall be in writing, by either first class mail or email, and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Patricia Kakalec, Esq.
Kakalec Law PLLC
195 Montague Street, 14th Floor
Brooklyn, NY 11201
patricia@kakaleclaw.com

To Defendants:

Ilan Weiser, Esq.
ELLENOFF GROSSMAN & SCHOLE LLP
1345 Avenue of the Americas
New York, NY 10105
Tel: 212-370-1300
Email: IWeiser@egsllp.com

{00785537.DOCX.3}

9.    Governing Law:   This Agreement and all issues pertaining to Plaintiff's employment by Defendants shall be governed and interpreted in accordance with the laws of the New York without regard to choice of law principles.

10.    Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the party whose release or waiver has been found illegal, void, or enforceable agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.    Tax Indemnity:  Plaintiff understands and agrees that she is solely responsible for and will pay any and all employee-share taxes attributable to payment made under this Agreement, and that she will be solely responsible for the payment of all interest and penalties, if any, attributable to the payment made under this Agreement except for claims related to the employer's taxes owed. Plaintiff agrees to defend and indemnify Defendants against any and all tax implications that Defendants may face as a result of the tendering the Settlement Amount, except tax implications related to the employers' taxes owed.  Defendants agree to notify Plaintiff in writing of any assessment or claim of assessment against Plaintiff via Plaintiff's Counsel, and Plaintiff agrees that any payments for which Plaintiff has assumed responsibility hereunder shall be paid in full within a reasonable time after Plaintiff's Counsel's receipt of a demand for payment, or at any other time agreed to between the Plaintiff and a taxing authority.  It is expressly acknowledged and agreed that an IRS Form 1099 will be sent to Plaintiff and Plaintiff's counsel, who shall receive such IRS Form 1099 on behalf of Plaintiff, in connection with payment of the Settlement Amount. Defendants shall issue an IRS Form 1099 to Plaintiff and an IRS Form 1099 to Plaintiff's counsel for all payments made by Defendants to Plaintiff and Plaintiff's counsel which represent damages, interest, and/or attorneys' fees and costs, respectively.   These Form 1099s shall be sent to Plaintiff's counsel at the same time Defendants issue those forms to its current employees or other individuals/entities for the applicable tax year.

12.    Release Notification: The parties have been advised to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges that she has consulted with Patricia Kakalec, Esq., Kakalec Law PLLC 195 Montague Street, 14th Floor, Brooklyn, NY 11201 and with Tito Sinha, Esq. of TakeRoot Justice. Defendants acknowledge that they have consulted with Ellenoff Grossman & Schole LLP. All parties acknowledges that it is their choice to waive the claims released in this Agreement in return for the consideration set forth herein and that they made their decisions to waive these claims after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  The parties confirm that they have reviewed this Settlement Agreement and Release with their attorneys and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

13.    Breach of this Agreement:  If any party should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against another party or parties which has been released by this Agreement, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding.  In

the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of this Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees.  Nothing in this paragraph shall limit the Parties from enforcing their rights under this Agreement.

14.     Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission or by electronic signature (such as DocuSign or Adobe).

15.     Review and Consideration of Agreement; Rescission Rights; Effective Date: Plaintiff has been given a period of twenty-one (21) days from receipt of this Agreement to review and consider the terms of this Agreement before signing it (the "Consideration Period"). Defendants have been given a reasonable amount of time to review and consider the terms of this Agreement before signing it.  Any party may also rescind this Agreement up to seven (7) days after they sign it ("Rescission Period") by submitting a written rescission notice to each party's respective counsel as stated in the "Notices" section above, which is to be received by the other party's counsel before the close of business on the seventh (7th) day. Plaintiff will not be entitled to receive the Settlement Amount until the Rescission Period has expired.  This Agreement becomes effective on the eighth (8th) day after it is signed by both Parties and not rescinded, provided it has been approved by the Court ("the Effective Date").  If the Agreement is approved by the Court eight or more days after it is signed by both Parties, the Agreement becomes effective on the date it was approved by the Court.  If the last day of the Consideration Period falls on a Saturday, Sunday or holiday, the last day of the Consideration Period shall be the next business day following the weekend or holiday. Plaintiff and Plaintiff's counsel will not be entitled to cash the checks comprising the Settlement Amount until the Agreement has been approved by the Court, and until Plaintiff provides Defendants with the IRS form w-9 and IRS form w-4 referenced herein.

16.     Representations  All parties hereby represent and acknowledge that: (a) they have carefully reviewed the Agreement and understands its terms; (b) the Agreement has been translated for Plaintiff from English to Plaintiff's native language and that all parties fully understands the terms herein;  (c) they have been advised to and have consulted with an attorney regarding this Agreement; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) they know that they are giving up important rights; and (f) they are signing this Agreement voluntarily and of their own free will.

**Mei Yue Gao**

Dated: 4/22/2020

**GRACEFUL SERVICES, INC.**

By: **Grace Macnow**
(Individually and on behalf of
Graceful Services, Inc.)
Dated:

{00785537.DOCX.3}

# EXHIBIT A

{00785537.DOCX.3}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Mei Yue Gao,

                                 *Plaintiff,*          Case No. 18-cv-4500-SN

        -against-                            **STIPULATION OF**
                                                 **DISMISSAL WITH**
Graceful Services, Inc., Graceful II Service, Inc., and    **PREJUDICE**
Grace Macnow,

                                 *Defendants.*
-------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned

counsel, that the above-entitled action, and all claims asserted therein, be dismissed with

prejudice as to Defendants Graceful Services, Inc. and Grace Macnow.


Date:  New York, New York
        April____, 2020


**KAKALEC LAW PLLC**                         **ELLENOFF GROSSMAN**
                                              **& SCHOLE LLP**

_____            _____
Patricia Kakalec                           Ilan Weiser
195 Montague Street, 14th Floor          1345 6th Avenue
Brooklyn, NY 11201                   New York, NY 10105
Tel: (212) 705-8730                   Tel: (212) 971-9773
                                      *Attorneys for Defendants Grace Macnow*
                                      *and Graceful Services Inc.*

Tito Sinha
Take Root Justice123 William St., 16th Floor
New York, NY 10038
*Attorneys for Plaintiff*


_____
So Ordered
Hon. Sarah Netburn, U.S.M.J.
Date:


{00785537.DOCX.3}

# EXHIBIT B

{00785537.DOCX.3}

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
Mei Yue Gao,

                                  *Plaintiff,*        Case No. 18-cv-4500-SN

        -against-                      **AFFIDAVIT OF**
                                               **CONFESSION OF**
                                               **JUDGMENT OF GRACE**
                                               **MACNOW**

Graceful Services, Inc., Graceful II Service, Inc., and
Grace Macnow,

                                    *Defendants.*
-------------------------------------------------------------------X

STATE OF NEW YORK     )
                             )   ss.:
COUNTY OF NEW YORK  )

Grace Macnow, being duly sworn, deposes and says:

       1.  I am the former owner of Defendant Graceful Services, Inc. ("Defendant Corporation"). This Affidavit of Confession of Judgment is made based upon my personal knowledge of the facts and circumstances set forth hereinafter.

       2.  Pursuant to the terms of the parties' April 2020 Settlement Agreement and Release ("Settlement Agreement") in the above-captioned case, the Defendant Corporation and Defendant Grace Macnow ("Macnow") (together, "Defendants") agreed to pay one hundred thirty-five thousand and zero cents ($135,000.00) to Plaintiff Mei Yue Gao ("Plaintiff").

       3.  In order to secure Defendants' obligation to pay the amounts owed under the Settlement Agreement, I have agreed to simultaneously deliver with the execution of both Agreements a fully executed Affidavit of Confession of Judgment to secure the payments described in each of the respective Agreements. This is why I executed this Affidavit of Confession on behalf of myself.

       4.  I agree that, should Defendants be in Default as defined under the Settlement Agreement, and should Defendants fail to cure such Default within the time period allowed by the Settlement Agreement, that Plaintiff will be entitled to enter judgment against Defendant Grace Macnow for two hundred and seventy thousand dollars and zero cents ($270,000.00), plus

Pending in the property of the U.S. Postal Service and is provided solely for use in conducting official business. This mailing is not for resale. Email of U.S. Postal

reasonable costs and attorneys' fees incurred in entering and enforcing this judgment, minus any payments already made to Plaintiff pursuant to the Settlement Agreement I agree that this sum is a fair and reasonable assessment of Plaintiff's damages in this matter.

5. I make this Affidavit of Confession of Judgment after obtaining the advice of my counsel, who have fully explained the nature of this Confession of Judgment and my obligations thereunder.

6. This Affidavit of Confession of Judgment may be executed by facsimile or in PDF format via email, each of which shall be deemed an original.

By _____
Grace Macnow

**ACKNOWLEDGMENT**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On this 1st day of May, 2020 before me personally appeared Grace Macnow, to me known, who by me duly sworn under oath did acknowledge that she has read the foregoing Affidavit of Confession of Judgment and knows the contents thereof; that she has executed the foregoing Affidavit of Confession of Judgment; that the statements therein are true and correct; and that she executed the same in order to accomplish the purpose therein set forth.

**Rona Deutch**
COMMISSION # GG276162
EXPIRES: Nov. 16, 2022
Bonded Thru Aaron Notary

_____
Notary Public