# LAW OFFICES OF DAVID YAN
## ATTORNEY AT LAW

Members of NY & PA Bars                                                            Direct Dial:  (718) 888-7788
                                                                                   Email:  davidyanlawoffice@gmail.com

July 31, 2020

**VIA ECF**

Honorable Sarah Netburn
Magistrate Judge
United States District Court
    for the Southern District of New York
40 Foley Square, Courtroom 219
New York, New York 10007
Tel.:  (212) 805-4540 / (212) 805-0286

        RE:  *Gao v. Graceful Services, Inc. et al.,* 1:18-cv-04005-SN
            Status Letter

Dear Honorable Sarah Netburn:

I represent defendant Graceful II Service, Inc. in this case.

This letter should have been submitted as a joint letter by parties as ordered by the Court. Defendant Graceful II Service Inc. did submit its comments and position statements to the Plaintiff's counsel, Patricia Kakalec, Esq. *via email*. Because the Plaintiff's counsel abruptly submitted her status letter alone without the comments and position statements from the defendant Graceful II Service, Inc., defendant Graceful II Service, Inc. is left no option but to submit its own status letter.

Pursuant to the Court's Order, Defendant had its opportunity to depose Plaintiff Mei Yue Gao on July 30, 2020 from 10:15 a.m. to 4:00 p.m. by Deitz's virtual deposition via Zoom.

The deposition, however, did not go well, caused by the misconduct of the Plaintiff's counsel, Patricia Kakalec, Esq. During the deposition, Patricia Kakalec, Esq. directed the Plaintiff not to answer one of the questions which was not privileged. The conduct of a deposition is governed by Federal Rule of Civil Procedure 30(c)(1). Unlike trial testimony, however, upon an objection by counsel, "the examination still proceeds" and "the testimony is taken subject to any objection." FRCP 30(c)(2). The deponent witness may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FRCP 30(c)(2). It was not the case here.

    Plaintiff's counsel Patricia Kakalec, Esq. also discussed the testimonies of the Plaintiff with Plaintiff during the break requested by her, which was not allowed and violated legal ethics. Plaintiff was questioned whether she was paid on the book or off the book in her last job. Plaintiff's counsel forgot to mute the speaker and forgot to turn off the video so that other parties

Case 1:18-cv-04005-SN   Document 119   Filed 07/31/20   Page 2 of 3

PAGE 2 OF 3
TO:  CHAMBER OF HONORABLE SARAH NETBURN
RE:  *GAO V. GRACEFUL SERVICES, INC. ET AL.,* 1:18-CV-04005-SN, STATUS LETTER
DATE:  JULY 31, 2020

could hear that she discussed with Plaintiff about her testimonies and told Plaintiff not to testify that she was paid by cash; but by checks in her last job.

Plaintiff's counsel also interposed numerous objections on the basis of "form", almost on each and every question in the last half of the deposition.  The substance and flow of the Plaintiff's testimony was markedly affected.

Plaintiff also answered "I forgot" on the material facts of her case.  During the questions and answers with regard to the Plaintiff's employment with Graceful Services, Inc., when Plaintiff was questioned about when she would report to the work on a particular day, how many hours that she would work on that particular day, on what day of the week she would report to the work in a particular week, she answered that "I forgot".  Plaintiff then was questioned what her schedule was and how many hours she worked in the first week when she worked in Graceful Services, Inc., Plaintiff answered that "I forgot".  Plaintiff then was questioned how about the second week, Plaintiff answered that "I forgot".  Plaintiff then continued to state that she forgot all of these material facts.

When Plaintiff was questioned the basis of her lawsuit, Plaintiff testified that she gave her counsel the complete evidence of hours worked, days worked, and weeks worked for her entire period of time when she worked for Graceful Services, Inc.  Plaintiff's counsel has never produced this material evidence.

Defendant Graceful II Service, Inc. is going to demand the production of certain documents after reviewing the deposition transcript.  The discovery should be allowed as post deposition demand on the production of documents.

Plaintiff's successor liability claim has failed.  When Plaintiff was questioned whether she ever discussed her intent to sue Graceful Services Inc. with the owner of Defendant Graceful II Service, Inc., she said "Yes"; but only to the extent that Graceful Services, Inc. did not give her enough job to work.  Plaintiff also testified that the new store owned by Defendant Graceful II Service, Inc. was renovated so that new store was totally different from the old store.

Plaintiff's claims for the Defendant's violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"); the New York State Human Rights Law, NY Exec. Law § 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. ("City Law") have also failed.  Plaintiff claimed that she was terminated the principal of Graceful II Service Inc. when she was working for Graceful Services, Inc.  Plaintiff, however, admitted that the principal of Graceful II Service Inc. was not the owner or manager of Graceful Service, Inc. so that this person could not really have any authority to terminate her from Graceful Services, Inc.  Furthermore, Plaintiff has never applied for a job with Graceful II Service, Inc.

Now, it is clear that Plaintiff's claim against Defendant Graceful II Service Inc. is without any merit.  If Plaintiff's counsels continue to press the charge against Defendant Graceful II

PAGE 3 OF 3
TO: CHAMBER OF HONORABLE SARAH NETBURN
RE: *GAO V. GRACEFUL SERVICES, INC. ET AL.,* 1:18-CV-04005-SN, STATUS LETTER
DATE: JULY 31, 2020

Service, Inc., Defendant Graceful II Service, Inc. will move the Court pursuant to the Court's internal authority under Rule 50 for attorneys' fees and costs against the Plaintiff's counsels.

We will brief the Court in details upon reviewing the deposition transcript.

Should this case goes to trial, Defendant Graceful II Service, Inc. demands trial by Jury on all issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ David Yan
David Yan

cc.: Plaintiff's counsels (via CM/ECF)