

Patricia Kakalec
Patricia@KakalecLaw.com

August 3, 2020

The Hon. Sarah Netburn
United States Magistrate Judge
U.S. District Court – Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

By ECF

     Re:     *Gao v. Graceful Services, Inc. et al.*, 18-CV-4005 (SDNY)

Dear Judge Netburn:

My office, along with TakeRoot Justice, represents the Plaintiff in the above-referenced case. Plaintiff submits this letter in response to the July 31, 2020 letter submitted by Mr. Yan, counsel for Graceful II Services Inc. ("Graceful II").

While we do not believe that it would be useful for the Court for us to refute each false or irrelevant statement in Mr. Yan's letter, we write to address four points. First, as noted in our July 31, 2020 letter, counsel for Plaintiff did not direct her client to lie during her deposition. Second, no additional paper discovery should be allowed. Third, Plaintiff's counsel properly objected during the July 30, 2020 deposition. And fourth, counsel for Defendant did not make a motion for summary judgment in this case and his arguments related to the merits are not properly before the Court.

As an initial matter, I did not, and would not, instruct Ms. Gao to lie or misrepresent in any way during her deposition. Toward the beginning of the deposition on July 30, 2020, there was unfortunately an error with Zoom and I had a conversation with my client during a break which was not muted. Rather than inform me about this error, however, counsel for Graceful II deliberately listened to a privileged conversation between me and my client. After this extremely unprincipled behavior, counsel accused me of instructing my client to lie. Frankly, I am not at all clear about what counsel is referring to – he referred to something my client said in Chinese, which I do not understand – but I would be happy to speak with the Court ex parte to discuss the contents of my conversation with my client.

Second, I instructed Ms. Gao not to answer questions twice during the deposition. As to the first question, she ultimately did answer the question. The second instruction not to answer was on the basis of privilege. As to the form objections during the deposition, if Mr. Yan had

asked questions which were not compound, without foundation, asked and answered, unclear, or argumentative, I would have had significantly fewer objections.   As it was, the questions Mr. Yan asked were largely objectionable and I therefore objected.

Third, Graceful II should not be allowed to conduct further paper discovery in this case as the discovery deadline was April 28, 2020.  The Court's July 30, 2020 Order stated that "discovery shall be extended until July 31, 2020, <u>solely to allow Defendant to take Plaintiffs deposition</u>."  (Docket #114) (emphasis added).  The types of documents counsel requested during Ms. Gao's deposition did not relate to new matters which came up during the deposition, but were items he could easily have asked for during the discovery period (which well preceded the pandemic).  Counsel's statement in his letter to the Court that we have not produced "material evidence" fails to mention that Defendant never asked for this evidence, or any evidence.   For whatever reason, Graceful II and its counsel decided not to seek paper discovery in this case, and they should not be permitted to obtain such discovery now.

Similarly, Graceful II did not make a summary judgment motion in this case, and the deadlines for such motions are passed.  Defendant's arguments that it believes that Plaintiff cannot establish case her case are not well-placed, and Plaintiff will not dispute them in detail in this letter.

Finally, we note that counsel for Graceful II did not address one of the only two specific issues that the Court directed the parties' July 31st status letter to address:  that status of settlement.  As we noted in our letter, Plaintiff made a settlement demand to Mr. Yan but received no response.

Thank you for your attention to this matter.

Respectfully,

Patricia Kakalec
Counsel for Plaintiff

cc:     all counsel by ECF